NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNSHAN FANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   15-73950

Agency No. A088-294-217

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2022[**]
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,[***] and BENNETT, Circuit Judges.

Junshan Fang, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' ("BIA") order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

upholding the immigration judge's ("IJ") denial of asylum and withholding of removal on adverse credibility grounds.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Fang only challenges the BIA's adverse credibility determination. We review adverse credibility determinations under the deferential substantial evidence standard. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Thus, the BIA's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, [the BIA] may base a credibility determination on" any relevant factor, including inconsistencies between the applicant's testimony and other evidence, and the applicant's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii).

The record supports the four reasons underlying the BIA's adverse credibility determination.[2] First, the BIA reasonably found that Fang's testimony about the date of his wife's forced sterilization procedure conflicted with the date on the hospital certificate. Fang testified that the procedure occurred in 1986, but

---

[1] Fang does not challenge the denial of relief under the Convention Against Torture.

[2] Because these reasons provide substantial evidence supporting the BIA's adverse credibility determination, and the record does not compel a contrary result, we do not consider the other reasons that were identified by the IJ but that the BIA did not expressly discuss.

the hospital certificate states that it occurred in 1995.  A nine-year difference is a material discrepancy.  And the BIA was not compelled to accept Fang's alternative interpretation of the hospital certificate, given that the certificate plainly states that "on December 25, 1995 [Fang's wife] did sterilization operation in [the] hospital."

Second, the BIA found that Fang's testimony about where the sterilization procedure was performed conflicted with the information on the hospital certificate.  That finding is also clearly supported by the record, as Fang testified that the procedure was performed at a local clinic with no name, but the certificate states that it was performed at "Nanmeng county hospital."  Fang does not address this inconsistency finding.

Third, the BIA adopted the IJ's determination that Fang was not credible because his testimony about his "past persecution claim" lacked detail.  That finding was reasonable, as "[t]he lack of detail in an applicant's testimony can be a relevant factor for assessing credibility," *Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020), and Fang several times testified that he could not remember key details related to his alleged past persecution.  Fang does not address the BIA's determination that the lack of detail in his testimony diminished his credibility.

Fourth, the BIA adopted the IJ's finding that Fang's long pauses before responding to questions also undermined his credibility.  An applicant's demeanor, such as taking long pauses, can be a relevant factor in assessing credibility.  *See* 8

3

U.S.C. § 1158(b)(1)(B)(iii).  Fang argues that it was improper for the BIA to rely on the pauses because none were noted on the record.  But we rejected this argument in *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).  Fang also argues that pauses are more indicative of truthful rather than untruthful speech.[3]  But we give deference to an IJ's negative inferences drawn from an applicant's demeanor, and Fang offers no compelling reason why we should discount the IJ's negative inference here.  *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999).

In sum, all the BIA's reasons supporting its adverse credibility determination are supported by the record, and it properly gave the two inconsistencies great weight as they went to the heart of Fang's claim.  *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

**PETITION DENIED.**

---

[3] Fang asks us to take judicial notice of a 2006 scholarly article.  Dkt. No. 11.  He argues that the article is "scientific evidence" that the IJ drew the wrong inference from the pauses in his testimony.  *Id.* at 3.  We deny his motion, as the evidence was not part of the administrative record.  *See* 8 U.S.C. § 1252(b)(4)(A).  Nor would the article compel a contrary result, were we to take notice of it.

4